UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-39 RLW |
| ) | |
| METROPOLITAN POLICE ) | |
| DEPARTMENT, CITY OF ST. LOUIS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for attorney's fees and costs under Rule 4(d)(2) of the Federal Rules of Civil Procedure. (ECF No. 26). Defendants oppose the motion and it is ready for disposition. (ECF Nos. 28, 34). The Court will deny the motion for the reasons below.

**Background**

Plaintiff filed this 42 U.S.C. § 1983 action on January 10, 2023. (ECF No. 1). The defendants are the City of St. Louis and two City of St. Louis police officers. (ECF No. 22). Plaintiff alleges various civil rights violations against Defendants. *Id.*

On January 10, 2023, Plaintiff's attorney called the Metropolitan Police Department and confirmed that Defendants Austin King and Joseph Ross ("Individual Defendants") were still employed by the Department. (ECF No. 26-1 at ¶ 4). Counsel then mailed a Notice of Lawsuit and Request to Waive Service of Summons to the Individual Defendants at their workplace. *Id.* at ¶ 5. Counsel included in each mailing a copy of the original complaint and exhibits, two file-stamped copies of the waiver, and a pre-paid self-addressed envelope. *Id.* The Individual Defendants did

not sign and return the waivers within the time allotted under Rule 4(d)(2). *Id.* at ¶¶ 6-11. Plaintiff subsequently obtained personal service on the Individual Defendants on February 15, 2023. (ECF Nos. 14, 15). Plaintiff filed an amended complaint on March 17, 2023. (ECF No. 22). Defendants waived service of the amended complaint the same day. (ECF Nos. 24, 25).

## Discussion

Plaintiff asserts that he is entitled to recover the costs and attorney's fees associated with obtaining personal service on the Individual Defendants.

Rule 4 of the Federal Rules of Civil Procedure provides that a plaintiff may request a waiver of service from any defendant. Fed. R. Civ. P. 4(d)(1). To do so, the plaintiff must notify the defendant of the action and request waiver of service from the defendant. *Id.* A defendant within the United States has 30 days to return the waiver. *Id.* If a defendant fails to do so without good cause, the court must impose on the defendant the expenses later incurred in making service as well as the reasonable expenses, including attorney's fees, of any motion required to collect service expenses. Fed. R. Civ. P. 4(d)(2).

Defendants state that their counsel called Plaintiff's counsel on February 15, 2023—before the Individual Defendants had been personally served—and informed Plaintiff's counsel that the Individual Defendants would waive service. *Id.* During the same call, Defendants' counsel asked Plaintiff's counsel to send the waivers via email. *Id.* Plaintiff's counsel did not do so. *Id.* The Individual Defendants returned the waiver six days after the deadline. *Id.*

The Individual Defendants do not dispute the propriety of Plaintiff's request or the tardiness of the waivers. (ECF No. 28). The Individual Defendants instead argue that there was good cause for their delay because they were required to get approval from their supervisors before requesting representation from the City Counselor's Office. *Id.*

The Court finds that good cause exists for the Individual Defendants' failure to timely return the waivers. The Individual Defendants were required to undertake certain procedural steps before they could sign and return the waivers. The Individual Defendants signed representation agreements with the City Counselor's Office on February 14, 2023, and contacted Plaintiff's counsel the next day. *Id.* Further, when Plaintiff filed his Amended Complaint on March 17, 2023, the Individual Defendants immediately waived service. (ECF Nos. 22, 24, 25). Simply put, it appears the delay in returning the waivers was the result of the Police Department's policies, not a desire on the part of the Individual Defendants to impose unnecessary costs on Plaintiff. Under the circumstances, it is reasonable that the Individual Defendants waited to return the waivers until after they had spoken with their supervisors and counsel.

### Conclusion

For the foregoing reasons, the Court will deny Plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for attorney's fees and costs under Rule 4(d)(2) is **DENIED**. (ECF No. 26).

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of May, 2023.