UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-39 RLW |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Enforce the Settlement Agreement and for Attorney's Fees as Sanctions. (Doc. 57). Defendants oppose the motion, and the motion is fully briefed. For the reasons set forth below, the Court grants Plaintiff's motion and awards attorney's fees as a sanction.

### I. BACKGROUND

The relevant findings of fact are taken from Plaintiff's motion and supporting exhibits, including a copy of the Settlement Agreement, copies of emails, and the sworn declarations of counsel.

After reviewing the ADR compliance report stating the parties had settled, by order dated October 27, 2023, this Court vacated the trial setting and instructed as follows: "counsel shall file no later than November 27, 2023, a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment. Failure to comply timely with this order will result in the dismissal of this action with prejudice." (Doc. 52).

On November 9, 2023, counsel for defendants emailed counsel for Plaintiff with a corrected version of the Settlement Agreement that defendants had drafted, correcting the manner

in which the draft shall be payable.  That same day, Plaintiff went to his attorney's office in downtown St. Louis and signed the Settlement Agreement before a Notary Public. (Pl. Ex. 1). That same day, Plaintiff's counsel scanned the signed Settlement Agreement, sent an electronic copy by email to defense counsel, and sent the original Settlement Agreement to defense counsel by U.S. mail. (Pl. Ex. 2).

Page 1 of the Settlement Agreement stated: "IT IS FURTHER UNDERSTOOD AND AGREED City will send payment of five thousand dollars and no cents ($5,000.00) payable to Schottel & Associates, P.C. and John Morris within thirty (30) calendar days of the parties executing this agreement."  (Pl. Ex. 1).

 Pursuant to the October 27, 2023 order, dismissal papers were to be filed by November 27, 2023.  (Doc. 52).  Defendants were obligated to make payment to Plaintiff within 30 calendar days of November 9, 2023, or by December 9, 2023.  The Court granted the parties' joint motion for extension of time, to December 18, 2023, in which to file their dismissal papers. (Doc. 54).

On December 13, 2023, Plaintiff's counsel contacted defense counsel inquiring about the status of the payment.  Defense counsel responded: "I'll check in the morning. I've been in trial this week. I was told last week it was processed."  (Pl. Ex. 3).

The next day, December 14, 2023, defense counsel responded via email, "I was told they put the check in the mail this week. So you should have it soon. I thought they were going to hold it but I guess they had other plans. Sorry about that. Let me know when you receive it or if you don't have it by Monday's deadline."  (Pl. Ex. 4).

By December 18, 2023, Plaintiff's counsel had not received payment and filed a second motion for an extension.  (Doc. 55).  The Court granted the motion and ordered the parties to file dismissal papers no later than January 2, 2024.  (Doc. 56).

On December 27, 2023, defense counsel stated in an email, "Good morning, I have

spoken with our payment specialist.  We will have this resolved this week (Friday) and I will personally drop off the check." (Pl. Ex. 5).  On December 29, 2023, defense counsel stated by email, "I was told today the comptroller wasn't cutting checks this week even though they told me I would have it by today. I told them I have to have it by Tuesday. So don't wait for me. I put this request in for processing in November. I apologize for this delay. I appreciate it is frustrating." (Pl. Ex. 6).

Counsel for plaintiff had not heard from defense counsel by 1:00 p.m. on the deadline day, January 2, 2024.  Defense counsel stated by email, "I don't know. It's 2 pm and they haven't given me the check yet. It's possible I won't get it until tomorrow, but I genuinely have no idea. It will happen this week. I'm just not sure if it's today, tomorrow, or Thursday." (Pl. Ex. 7).

In support of his motion, Plaintiff asks this Court to award attorneys' fees incurred in researching and drafting the instant motion.  He notes that it was not until he filed the instant motion that defendants paid the settlement check the following day.

Defendants oppose the motion.  They do not dispute plaintiff's sequence of facts.  They note defense counsel personally delivered the check to Plaintiff's counsel on January 3, 2024, and Plaintiff's counsel acknowledged receipt the following day.  Defendants argue the motion to enforce the Settlement Agreement is moot and that Plaintiff has not cited authority to support an award of sanctions.  They state they have been in constant contact with Plaintiff's counsel concerning payment, specifically noting "that checks were not being written during the holidays." (Doc. 59).

Plaintiff replies, reiterating his arguments that he was forced to file two motions for extensions because of defendants' delay.  He cites the Court's order that the case would be dismissed with prejudice if dismissal papers were not timely filed.  He notes it was defendants

3

that failed to comply with their responsibilities under the Settlement Agreement and requiring Plaintiff to file the instant motion. Plaintiff's counsel has detailed his hours in his Declarations; the total hours expended amount to 8.1 hours and his hourly rate is $450.00 per hour. Plaintiff therefore seeks attorney's fees as sanctions in the amount of $3,645.00.

## II. DISCUSSION

Settlement agreements are favored by the courts. *Caleshu v. Merrill Lynch, Pierce, Fenner & Smith*, 737 F.Supp. 1070, 1086 (E.D. Mo. 1990). This Court has the inherent power to enforce a settlement agreement entered into by the parties in a pending case. *BP Prods. N. Am., Inc., v. Wallis Petroleum, L.C.*, No. 406-CV-01110 ERW, 2007 WL 1240261, at *2 (E.D. Mo. Apr. 27, 2007). Under Missouri law, "a motion to enforce settlement is a collateral action which imposes on the party seeking specific performance 'the burden of proving, by clear, convincing and satisfactory evidence, his claim for relief.'" *Stewart v. M.D.F., Inc.*, 83 F.3d 247, 251-52 (8th Cir. 1996). "Basic principles of contract formation govern the existence and enforcement of the alleged settlement." *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006).

It is undisputed the parties reached a valid and enforceable settlement agreement. Because the parties entered a valid and enforceable contract, this Court grants plaintiff's request for an order to enforce the parties' settlement agreement in its motion. The Settlement Agreement obligated defendants to make payment within 30 days of the parties executing the agreement, December 9, 2024. Plaintiff did not receive payment until January 3, 2024.

When a district court determines sanctions should be imposed, it has wide discretion in determining what sanctions are appropriate. *Gallagher v. Magner*, 619 F.3d 823, 844 (8th Cir. 2010) ("District courts have the inherent power to 'fashion an appropriate sanction for conduct which abuses the judicial process.'") Hwever, courts should keep in mind the primary purpose of

Rule 11 and should implement sanctions "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). This District has previously held "courts should select the least severe measure necessary to vindicate Rule 11's primary purpose of deterrence." *Franklin v. Pinnacle Entm't, Inc., 289 F.R.D. 278, 288 (E.D. Mo. 2012)*, (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1336 (2d ed. Supp. 1996)).

The Court agrees with Plaintiff.  Defendants breached the Settlement Agreement, disregarded the Court's deadlines, and provided a variety of excuses for not meeting their part of the bargain.  Plaintiff has been forced to pursue this case weeks beyond the original dismissal deadline and prepare and file additional motions through no fault of his own.

### III.  CONCLUSION

For the foregoing reasons, the Court grant's plaintiff's motion to enforce the Settlement Agreement and for attorney's fees as sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce the Settlement Agreement and Request for Attorney's Fees as Sanctions is **GRANTED.**  (Doc. 57).

**IT IS FURTHER ORDERED** that Plaintiff is awarded the amount of $3645.00 (8.1 hours x 450/hour) in attorney's fees as sanctions.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of April, 2024.

5